LEE and another, Respondents, vs. PAULY MOTOR TRUCK COMPANY, Appellant.

*November 11—December 5, 1922.*

*Sales: Breach of warranty: Damages: Manufacturer's warranty:
To whom available: Express warranty: Parol testimony:
Trial: Issue not litigated.*

1. Where the seller of a motor truck in writing warranted only that the truck was free from defects in material and workmanship under normal use and service, the liability under the warranty being limited to a replacement of defective parts if returned to the manufacturer within ninety days with transportation charges paid, a breach of such warranty is not sufficient to support a judgment for the purchaser for the amount paid on the purchase price.

2. A warranty of the manufacturers of a motor truck, stamped on the engine, that with proper handling it would draw a five-ton load on the level at the rate of ten miles an hour, will not inure to the benefit of a purchaser from an intermediate dealer.

3. Where plaintiffs purchased a five-ton motor truck from the defendant under a written warranty relating to defective parts only, such warranty could not be extended by oral testimony to include the warranty on the engine by the manufacturer that it would haul a five-ton load on the level at the rate of ten miles an hour.

4. In an action by the purchaser of a motor truck, brought against the dealer for fraudulent representations inducing the purchase, a judgment for plaintiff could not be rested upon negligence in overhauling and repairing where such issue was neither tendered nor litigated.

APPEAL from a judgment of the circuit court for Milwaukee county: CHESTER A. FOWLER, Judge. *Reversed.*

On the 23d day of June, 1919, plaintiffs gave defendant a written order or contract for the purchase of one Federal five-ton motor truck. The written order contained a warranty by the maker of the truck by which the truck was warranted

"to be free from defects in material and workmanship under normal use and service, our obligation under this warranty being limited to making good at our factory any part or parts thereof which shall, within ninety days after delivery of such truck to the original purchaser, be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction have been thus defective, this warranty being expressly in lieu of all other warranties expressed or implied and of all other obligations or liabilities on our part, and we neither assume nor authorize any other person to assume for us any other liability in connection with the sale of our trucks."

The written order contained no other warranty. The truck was delivered July 3, 1919.

The evidence shows that the truck did not work in a satisfactory manner, of which complaint was made by the

plaintiffs to the defendant from time to time. The evidence also shows that on various occasions, two at least, the defendant made repairs on the truck with a view of remedying the unsatisfactory service. The principal complaint was that the truck did not have sufficient power and failed to haul a five-ton load at the rate of ten miles an hour on the level in compliance with a guaranty stamped on the engine. In April, 1920, the plaintiffs returned the truck to the defendant and demanded their money back, which was refused. This action was then commenced.

- The complaint alleges that on or about the 23d day of June, 1919, the defendant *Pauly Motor Truck Company* undertook to sell to plaintiffs a certain truck, "and for the purpose of making such sale, and in order to induce the plaintiffs to make such purchase, did falsely and fraudulently represent and state to these plaintiffs that a certain model five-ton Federal motor truck, which said defendant had for sale, was of such construction, material, and hauling capacity and ability that it would answer the requirements of these plaintiffs; and that such truck was made of a high grade of material, and was constructed by skilled and proper workmanship, and its mechanical parts were new and in first class condition and were such generally that it would operate successfully, and did in all respects fulfil the requirements and expectations of these plaintiffs, and that its mechanical condition and construction were such that no trouble would be experienced by these plaintiffs in operating it in their business;" that plaintiffs purchased said truck at the price of $5,902, and paid $3,417 cash, and gave their eighteen promissory notes, amounting to $2,485.

The complaint then alleges failure of the truck to properly operate, repeated demands made both upon the defendant to make good the defective conditions of said truck and to place it in a workmanlike condition, the failure of the defendant so to do, and their ultimate return of the truck

on the 28th day of April, 1920.    Judgment is demanded for cancellation of the notes and for damages in the sum of $5,000.

The action was tried before the court.    The court found that the truck contained on its engine a warranty that it would with proper handling and care draw a five-ton load on the level at the rate of ten miles an hour, and that it was understood by both parties that this warranty should and did inhere in their contract; that said truck did not and would not with proper handling draw a five-ton load on the level at the rate of ten miles per hour; that it was free from defects in material and workmanship except in respect to the piston rings with which it was equipped and the fitting thereof within the cylinders; that said rings either by reason of soft material or improper fitting were so loose that the engine lacked proper compression and consequently did not have and did not produce adequate power to bring the truck up to the said warranty as to speed with a five-ton load; that this also resulted in an excessive use of motor oil, thereby causing excessive deposits of carbon, excessive heating of the engine, and a burning out of the valve heads of cylinders; that the plaintiffs complained to the defendant of the failure of the said truck to perform with other five-ton trucks with which it was put to work and of failure to fulfil said warranty; and the defendant undertook to put the same in proper order and condition but never succeeded in doing so; that in August, 1919, the plaintiffs expressly informed the defendant that unless it would put the engine in such order that it would do the work required by said warranty they would return the same and demand back the money paid thereon; that the defendant then agreed to put the truck in proper and effective condition, and thereby induced the plaintiffs to forego the return of said truck; that the defendant then replaced valves in two cylinders and ground the remaining cylinder valves, but did not put the truck in condition to do the work being performed by other

five-ton trucks or to fulfil said warranty as to drawing a five-ton load at ten miles per hour on the level, and that said truck with due care and skill and operation failed to fulfil said warranty thereafter; that, the truck continuing to fail in performance, the plaintiffs again notified the defendant that they would return said truck and demand their money back, and were again induced not to do so by the promise and agreement to overhaul said truck and put the same in efficient condition, but defendant did not agree to pay back to plaintiffs the purchase price paid if the truck should not be made to perform efficiently; that again the defendant made a pretended effort to put the same in effective condition, after which the truck was put to work by plaintiffs, but again failed to perform properly, and the plaintiffs, after reasonable trial, and about April 1, 1920, returned the same and left it with defendant and demanded the money paid thereon, which payment defendant refused; that thereafter the truck was sold under the chattel mortgage given to secure the notes executed by the plaintiffs as a part of the purchase price thereof, and that on the overhauling of said truck after such sale under the chattel mortgage certain defects and insufficiencies constituting a breach of defendant's original warranties were disclosed, which consisted of defective and insufficient piston rings, which were of three different sizes and all of which were loose and improperly fitted. The said rings were partly the rings in said truck at the time of the original sale and the remainder were placed therein by defendant in overhauling said truck as aforesaid; that no repairs were ever made on said truck by any one except defendant prior to said return thereof by plaintiffs; that the defendant made no fraudulent representations of fact to the plaintiffs to induce the sale of said truck; that the full amount paid by plaintiffs on said truck was $3,417, $1,417 of which was paid out of the earnings of the truck, and that $2,000 was paid out of moneys not so earned. Judgment was rendered in favor of the plaintiffs

for $2,000 and interest from April 1, 1920.    From the judgment so entered the defendant brings this appeal.

For the appellant there was a brief by *Hennessey & O'Boyle* of Milwaukee, and oral argument by *Oliver L. O'Boyle.*

For the respondents there was a brief by *Cannon, Bancroft & Waldron* of Milwaukee, and oral argument by *L. H. Bancroft.*

OWEN, J.    We are unable to discover the legal principle upon which the judgment may be sustained.    The cause of action set forth in the complaint is based upon fraudulent representations made by the defendant to induce the plaintiffs to enter into the contract of purchase.    The court specifically found that "the defendant made no fraudulent representations of fact to the plaintiffs to induce the sale of said truck."    In view of this finding, which we find to be well supported by the evidence, the cause of action set forth in the complaint falls.

The trial court evidently bottomed the judgment on a breach of warranty.    While the cause of action set forth in the complaint is not predicated on a breach of warranty, the court might have considered the pleadings amended to correspond with the proof if there was in fact a breach of warranty.    But, as appears from the statement of facts, the only warranty contained in the written order or contract of purchase was the usual manufacturer's warranty from defects in material and workmanship under normal use and service, coupled with an agreement limiting its liability to a replacement of defective parts if they should be returned to the manufacturer of the truck within ninety days after its delivery with transportation charges paid.    A breach of this warranty will not support the judgment.

The court found that "the said truck contained on its engine a further warranty that it would with proper handling and care draw a five-ton load on the level at the rate of

ten miles per hour, and it was understood by both parties that this warranty should and did inhere in their contract." It was evidently a breach of this warranty that the court considered a sufficient basis for the judgment. However, this was not the warranty of the defendant. It was the warranty of the manufacturer. The contract between the plaintiffs and defendant was in writing. It is not ambiguous, and must be held to express the entire contract between plaintiffs and defendant. Upon familiar principles, parol testimony was not admissible for the purpose of changing that contract. *Fox v. Boldt,* 172 Wis. 333, 178 N. W. 467, 179 N. W. 1. The court found that "it was understood by both parties that this warranty should and did inhere in their contract." This conclusion cannot be deduced from a consideration of the contract. It could be reached only by resort to parol testimony. If the parol testimony in the case justifies the conclusion reached by the trial judge, it was not properly in the case for the purpose of modifying the written contract between the parties. It was in the case only for the purpose of proving false and fraudulent representations made to induce the execution of the contract of purchase by the plaintiffs, and the court found no such fraudulent representations were made. To say that this warranty inhered in the contract between the parties to this action amounts to a modification of the written contract by parol testimony, which cannot be permitted. Whatever liability this warranty found upon the engine of the truck may impose upon the manufacturer, no obligations by reason thereof can be imposed upon the defendant. Furthermore, counsel for plaintiffs expressly stated upon the trial that plaintiffs did not rely upon this warranty. When defendant's attorney was examining one of the plaintiffs concerning his knowledge that the warranty on the engine was the warranty of the factory, plaintiffs' counsel said: "He isn't relying upon that warranty. He has answered your question about speed. I object to that as incompetent."

This indicates that the warranty on the engine was never considered by the plaintiffs as a part of their contract of purchase.

It is to be noted that the court found as a conclusion of law that "the plaintiffs are entitled to recover damages herein both for breach of said warranties and for defendant's failure to use ordinary care and skill in overhauling said truck and making repairs thereon." The question whether the defendant used ordinary care and skill in overhauling said truck and making repairs thereon was an issue that was neither tendered by the pleadings nor litigated on the trial. While the court might have believed from the evidence that proper care and skill was not exercised in the matter of making repairs upon the truck, a different conclusion might have been compelled if that question had been litigated and the appellant apprised of the fact that it was being urged as a ground of liability. At any rate, it may be doubted that the damages resulting from a negligent repair of the truck would amount to anything like $2,000.

It will thus be seen that the judgment cannot rest on fraudulent representations, because the court found that no fraudulent representations were made. It cannot rest upon a breach of warranty, because no breach of warranty made by the defendant was proved. It cannot rest upon a negligent repair of the truck, because that issue was not tendered nor litigated.

The conclusion reached makes it unnecessary to treat numerous other questions raised in the brief of appellant, not the least of which is the measure of damages which the court applied to the situation.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing plaintiffs' complaint.