Jennifer BERNA-MORK, and Jay Mork, Plaintiffs-Appellants,

v.

Jane P. JONES, and West Bend Mutual Insurance Company, Defendants,

MILWAUKEE GUARDIAN INSURANCE, INC., Defendant-Respondent.

Court of Appeals

*No. 91-0519. Submitted on briefs April 23, 1992.—Decided December 17, 1992.*

(Also reported in — N.W.2d —.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Steven L. Toney* of New London.

For the defendant-respondent the cause was submitted on the briefs of *Maris Rushevics* of *Anderson, Shannon, O'Brien, Rice & Bertz* of Stevens Point.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. This case presents a question as to trial practice. Specifically, if a case is tried to the court, may the court base its decision upon the affidavits submitted in support of a motion for summary judgment which it has denied. We conclude that it may not. We therefore reverse the judgment.

Jennifer Berna-Mork and her husband Jay Mork (the Morks) appeal from a January 15, 1991 judgment and order entered after a trial to the court dismissing their claims against Milwaukee Guardian Insurance, Inc. Jennifer received injuries on August 6, 1986, as a passenger in a vehicle driven by Jane Jones, when they were struck from behind by another vehicle. Soon after the accident, Jay Mork informed Larry Thoe, the agent for Milwaukee Guardian, of the accident.

The Morks filed this action against Jones, Jones's insurance company, and the other driver on October 6, 1988. The Morks amended their complaint on August 4, 1989, to allege a cause of action against Milwaukee Guardian under the uninsured motorist clause of their policy. The amended complaint was the first written notice of this action received by Milwaukee Guardian.

Milwaukee Guardian filed a motion for summary judgment on three grounds, alleging: (1) the Morks failed to provide written notice of the accident as soon as reasonably possible as required by Milwaukee Guardian's policy;[1] (2) they failed to provide timely notice of the

---

[1] The policy provided:

In the event of an accident, occurrence or loss, written notice must be given to us as soon as reasonably possible and within one year from the date of the accident. The notice must give the time, place and circumstances of the accident, occurrence or loss, including the names and addresses of injured persons and witnesses. Failure to furnish the notice within the time required does not invalidate or

735

legal action they began on October 6, 1988; and (3) they failed to provide Milwaukee Guardian with copies of legal documents in a timely manner as required by the policy. [2]

At the hearing on Milwaukee Guardian's motion for summary judgment, the circuit court determined that written notice was not required as a condition of coverage under the Morks' policy with Milwaukee Guardian. The court denied Milwaukee Guardian's motion because it concluded that a genuine issue of material fact existed whether the conversation between Jay Mork and Larry Thoe gave Milwaukee Guardian sufficient notice of the accident. The court concluded that if the conversation did not constitute adequate notice, Milwaukee Guardian was prejudiced as a matter of law. The order denying Milwaukee Guardian's motion did not address the other grounds for the company's motion.

After trial to the court, the circuit court concluded that the conversation between Jay Mork and Thoe provided adequate notice to the company of the accident and Jennifer's injuries. However, the court found that the Morks failed to provide Milwaukee Guardian with pleadings or other legal papers as required by the policy, and dismissed the Morks' action.

The Morks argue that the circuit court exceeded its discretion when it granted judgment to Milwaukee Guardian on the failure-to-provide-legal-papers defense because the issue of the applicability of that defense was not tried to the court. Milwaukee Guardian argues that we may sustain the judgment because the circuit court

---

reduce a claim unless it is prejudicial to us and it was reasonably possible to meet the time limit.

[2] The policy provided that "[a] person claiming any coverage of this policy must also . . . (2) Send us promptly any legal papers received relating to any claim or suit."

reached the right result, even if it reached that result for the wrong reason. It contends that the court should have found that the conversation between Jay Mork and Thoe did not constitute adequate notice under its policy.[3]

This contention presents a mixed question of law and fact. We must first determine whether the court's findings of fact are clearly erroneous, sec. 805.17(2), Stats., and then determine whether the undisputed and properly found facts fulfill the correct legal standard. *DOR v. Exxon Corp.*, 90 Wis. 2d 700, 713, 281 N.W.2d 94, 101 (1979), *aff'd*, 447 U.S. 207 (1980).

The circuit court made the following factual findings as to the conversation between Jay Mork and Thoe: (1) Thoe was an authorized agent of Milwaukee Guardian; (2) shortly after the accident, Jay Mork met with Thoe to advise him of the accident; (3) Mork advised Thoe of the date and place of the accident and the injury to his wife; (4) Thoe advised Mork that he should keep him informed, and took no further action on the Morks' behalf; and (5) Mork kept Thoe advised as to the nature of Jennifer's injuries. For the following reasons, we conclude that these findings are not clearly erroneous.

At trial, Thoe testified that he was an authorized agent of Milwaukee Guardian; that Jay Mork informed him of Jennifer's accident within a month after it occurred; that he and Mork discussed that Jennifer was riding with someone else and she was injured; and that

---

[3] Milwaukee Guardian raises this issue in response to Berna-Mork's appeal. A respondent may raise an issue in its brief without filing a cross-appeal when it only seeks to review an error which, if corrected, would sustain the judgment. *Auric v. Continental Casualty Co.*, 111 Wis. 2d 507, 516, 331 N.W.2d 325, 330 (1983).

he asked Mork "to keep [him] informed on how she's coming along," but took no further action on the Morks' behalf. Jay Mork testified that he met with Thoe at Thoe's office within a week to ten days after the accident and informed Thoe that his wife had been in an accident, gave him the location of the accident, informed him that the car had been rear-ended, and that Jennifer had been taken to the hospital and released. Finally, Mork testified that Thoe asked him to keep Thoe advised as to Jennifer's condition.

Milwaukee Guardian argues that Mork's casual conversation with his close friend and business partner who happened to be his insurance agent did not constitute sufficient notice to the company of Jennifer Mork's accident. However, the company does not claim that the trial court's findings of fact are clearly erroneous; it argues that the trial court's conclusion of law based on those facts is legally erroneous. We disagree. We conclude that, considering the facts found by the trial court, the Morks gave Milwaukee Guardian notice of Jennifer's accident and her injuries sufficient to satisfy the policy requirements.

Milwaukee Guardian does not claim that notice to Thoe was not notice to it. Section 631.09(3), Stats., provides that "[n]otice given by or on behalf of the policyholder or insured to any authorized agent of the insurer . . . is notice to the insurer." The information provided by Jay Mork to Milwaukee Guardian's agent complied with the essential purpose of the notice provision in the insurance contract. The Morks therefore substantially performed under the contract. *Fehring v. Republic Ins. Co.*, 118 Wis. 2d 299, 309, 347 N.W.2d 595, 600 (1984). No more was necessary. Section 632.26(1)(a), Stats., dispenses with the requirement of written notice. The stat-

ute provides: "Every liability insurance policy shall provide: (a) That notice given by or on behalf of the insured to any authorized agent of the insurer within this state, with particulars sufficient to identify the insured, is notice to the insurer."

We next consider whether the circuit court could base its decision dismissing the Morks' complaint upon the affidavits submitted by Milwaukee Guardian in support of its motion for summary judgment. It is clear that whether the Morks had breached the provision-of-legal-papers clause of the policy was not tried. In its decision, the court stated: "The evidence at trial did not specifically describe legal papers received which were not provided to Milwaukee Guardian. However, the record in this matter provides more than ample proof of that fact, and the court will not ignore it."

■

In its brief, Milwaukee Guardian describes the circuit court's decision as follows:

> It is evident from the decision that the trial court, hearing the case without a jury, relied upon the entire record made in the case in support of its findings and conclusions, and not merely the testimony which was adduced at the time of the October 24, 1990 hearing. Since the court did not rule on the provision of legal papers issue at the summary judgment hearing, it implicitly reserved the right to do so upon the completion of further proceedings in the trial court, including the trial of October 24, 1990.

We reject Milwaukee Guardian's assertion that the trial court implicitly reserved its ruling on the alternative grounds alleged by Milwaukee Guardian in support of its motion for summary judgment. "The burden is on the party making a motion to obtain a ruling from the court and failure to do so constitutes a waiver of the motion

precluding its consideration on appeal." *In re Ferrill*, 97 N.M. 383, 395, 640 P.2d 489, 501 (N.M. Ct. App. 1981) (Sutin, J., concurring; citing *Rea v. Ruff*, 265 Ark. 678, 680, 580 S.W.2d 471, 472 (1979)). A motion which is not acted on by the trial court is deemed denied. 60 C.J.S. *Motions & Orders* § 38 (1969 & Supp. 1992). *See also Atchison, Topeka and Santa Fe Ry. Co. v. Parr*, 96 Ariz. 13, 15, 391 P.2d 575, 577 (1964). The logic of this rule extends to a trial court's failure to specifically address all grounds urged to support a motion which it denies. "In the instant case, inasmuch as [appellant] failed to proceed to seek a determination of the motion, but proceeded to trial[,] . . . this conduct constituted waiver or abandonment of the motion . . . precluding its consideration in this appeal." *In re Ferrill*, 97 N.M. at 396, 640 P.2d at 502. Milwaukee Guardian abandoned its failure-to-provide-legal-papers defense as a ground for summary judgment when, without objecting, it allowed an order to be entered denying its motion which did not rule on its alternative defense. *See also Martin v. District Court of Comanche County*, 460 P.2d 898, 899 (Okla. 1969).

Further, it is plain that the trial court did not intend to reconsider its decision to deny Milwaukee Guardian's motion for summary judgment. Rather, the court stated that it based its decision after trial upon the entire record. The court acknowledged that the evidence presented at trial did not describe legal papers received by the Morks which were not provided to Milwaukee Guardian. Therefore the court's decision was based entirely upon the material submitted to the court by Milwaukee Guardian[4] in support of its motion for summary judgment.

---

[4] Milwaukee Guardian claims that Jay Mork's testimony at trial supports its contention. We disagree. Mork's testimony was that his wife was handling the situation.

Milwaukee Guardian states that when it raised all of its policy defenses by its motion for summary judgment, it supported its motion by affidavits detailing the complete lack of any documentation from the Morks as to their claim until the company was served on August 9, 1989. It claims that the Morks failed to file countervailing affidavits. It argues that we should search the record for evidence to support the trial court's finding that the Morks did not provide any of the pleadings or other legal papers received in the action until after August 8, 1989, citing *In re Becker*, 76 Wis. 2d 336, 347, 251 N.W.2d 431, 435 (1977).

Milwaukee Guardian misperceives the nature and purpose of summary judgment. A party who moves the circuit court for summary judgment represents that there are no genuine issues of material fact and that the case may be decided as a matter of law. *Grams v. Boss*, 97 Wis. 2d 332, 338-39, 294 N.W.2d 473, 476-77 (1980). However, once the court determines that there is a genuine issue of material fact, the non-moving party is entitled to a trial and the motion for summary judgment must be denied. *Id.* At that point, all factual issues must be tried; summary judgment methodology has run its course. The purpose of the proof filed in support of, and in opposition to, summary judgment is solely to allow the trial court to determine whether there exists a genuine issue of material fact which precludes summary judgment. When the court identifies such an issue, summary judgment proof gives way to trial proof.

Milwaukee Guardian did not move the trial court to reconsider the court's denial of its motion for summary judgment. It has not raised here the issue of whether the trial court erred in denying its motion. Appellate courts ordinarily will not consider or decide issues which are

741

not specifically raised on appeal. *Waushara County v. Graf*, 166 Wis. 2d 442, 451, 480 N.W.2d 16, 19, *cert. denied*, 121 L. Ed.2d 198 (1992). We see no reason to depart from that rule of administration in this case.

 Milwaukee Guardian argues that sec. 806.01(1)(c), Stats., permits us to affirm the circuit court's judgment. Section 806.01(1)(c) provides: "Every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the pleadings." Section 806.01(1)(c) permits the trial court to excuse an omission from the pleadings only if the omission is cured by a trial of the issue. That did not occur here. Thus, the circuit court erred when it entered judgment for Milwaukee Guardian based upon the Morks' alleged failure to promptly provide Milwaukee Guardian with copies of any legal papers related to this action. *See Lee v. Pauly Motor Truck Co.*, 179 Wis. 139, 146, 190 N.W.. 819, 821-22 (1922) (judgment cannot rest upon an issue not litigated).

*By the Court.*—Judgment reversed.