Danny L. KEENE and Maria R. Keene,
Plaintiffs-Respondents,

v.

Brian SIPPEL, d/b/a Sippel Carpentry,
Defendant-Appellant.

Court of Appeals

*No. 2006AP2580. Submitted on briefs September 12, 2007.
—Decided November 14, 2007.*

2007 WI App 261

(Also reported in 743 N.W.2d 838.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Robert C. Hahn* of *Holden & Hahn, S.C.*, Sheboygan.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *John I. Laun* of *Laun Law Offices*, Kiel.

Before Brown, C.J., Anderson, P.J., and Snyder, J.

¶ 1. ANDERSON, P.J. Brian Sippel and Sippel Carpentry ("Sippel") appeal from a default judgment granted in favor of Danny and Maria Keene. The primary issue is whether granting a default judgment in favor of the Keenes for Sippel's late service of his answer was proper where the circuit court denied Sippel's motion to enlarge time but did not strike his late answer from the record. We conclude the default judgment was properly granted and therefore affirm.

¶ 2. The facts are not in dispute. On January 11, 2006, the Keenes filed suit against Sippel claiming damages resulting from Sippel's alleged improper work in building their home.[1] On January 18, 2006, Sippel was properly served with an authenticated copy of the summons and complaint. The summons advised Sippel that he had forty-five days to respond. The Keenes submitted an affidavit supporting a motion for default judgment which was dated March 17, 2006, and subse-

---

[1] Specifically, the Keenes asserted breach of contract, breach of warranty and negligent construction.

quently the motion for default judgment was filed on March 24, 2006. Sippel filed an answer and counterclaim on March 17, 2006, fifty-eight days after service and sixty-five days after the filing of the summons and complaint. Sippel submitted a copy of the answer and counterclaim by mail to the Keenes' attorney's office. On April 18, 2006, Sippel filed a notice of motion and motion for enlargement of time. On April 21, 2006, after a finding of no excusable neglect, the circuit court denied Sippel's motion for enlargement of time and granted the Keenes' motion for default judgment.

¶ 3.  In May 2006, Sippel moved for default judgment against the Keenes on his counterclaim. Sippel also objected to the entry of judgment in favor of the Keenes on the ground that his late answer had not been stricken and, hence, default judgment in the Keenes' favor could not be entered under the law of *Split Rock Hardwoods, Inc. v. Lumber Liquidators, Inc.*, 2002 WI 66, 253 Wis. 2d 238, 646 N.W.2d 19.

¶ 4.  On June 8, 2006, the circuit court held a status conference. The court informed the parties that it considered the issue in *Split Rock* to be "quite different" than in this case. The court reasoned that its denial of Sippel's motion for enlargement "effectively rendered [Sippel's] answer a nullity because of lateness." The court additionally concluded that "[n]o reply was necessary to [Sippel's] counterclaim in a defective answer" and consequently rejected Sippel's motion for default judgment on his counterclaim. The court determined that Sippel waived his objection to the default judgment in favor of the Keenes by not objecting to it until after the motion hearing. The court further determined that, even if Sippel could not be said to have waived his objection, the holding in *Split Rock* does not operate to invalidate the court's grant of default judgment.

¶ 5. On appeal, Sippel argues that the circuit court erroneously entered the default judgment without first striking his late answer. Sippel also argues that the circuit court erred when it found his answer to be a nullity. Finally, Sippel renews his contention that the Keenes were in default for failing to reply to his counterclaim.

¶ 6. Wisconsin's default judgment statute, Wis. Stat. § 806.02 (2005–06),[2] provides in part:

> **(1)** A default judgment may be rendered as provided in subs. (1) to (4) if no issue of law or fact has been joined and if the time for joining issue has expired. Any defendant appearing in an action shall be entitled to notice of motion for judgment.

¶ 7. Wisconsin Stat. § 802.06(1)[3] requires a defendant to serve an answer within forty-five days of being served with the complaint. Time periods set by statute may be enlarged upon motion. *See* Wis. Stat. § 801.15(2)(a). However, "[i]f the motion is made after the expiration of the specified time, it shall not be granted unless the court finds that the failure to act was the result of excusable neglect." *Id.*

¶ 8. Excusable neglect "is conduct that 'might have been the act of a reasonably prudent person under

---

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

[3] Wisconsin Stat. § 802.06(1) provides in part: "[I]f any cause of action raised in the original pleading, cross-claim, or counterclaim is founded in tort, the periods of time to serve a reply or answer shall be 45 days." The Keenes brought three causes of action, one of which is founded in tort and, therefore, Sippel was subject to the forty-five-day time limitation for responsive service.

the same circumstances.'" *Binsfeld*, 272 Wis. 2d 341, ¶ 23 (citation omitted). It is not the same as neglect, carelessness, or inattentiveness. *Connor v. Connor*, 2001 WI 49, ¶ 16, 243 Wis. 2d 279, 627 N.W.2d 182. The burden of establishing excusable neglect is on the party moving for the extension. *Split Rock*, 253 Wis. 2d 238, ¶ 50.

¶ 9. We recently addressed the issue of untimely service in *Estate of Otto v. Physicians Ins. Co. of Wis.*, 2007 WI App 192, ¶ 21, 305 Wis. 2d. 198, 738 N.W.2d 599. We note that neither the parties nor the circuit court had the benefit of our analysis on untimely service because *Estate of Otto* was published after appellate briefs were submitted. In *Estate of Otto*, we upheld the circuit court's default judgment against the defendant for failure to timely serve an answer under WIS. STAT. § 802.06(1). A professional liability insurer, Physicians Insurance Co. of Wisconsin (PIC), filed a motion to enlarge time for filing an answer.[4] *See Estate of Otto*, 738 N.W.2d 599, ¶¶ 3–5. PIC was served on November 20, 2003. *See id.*, ¶ 4. Approximately nine months later, on August 23, 2004, PIC filed and served an answer. *Id.* In late December 2004, the estate of Otto moved for a default judgment against PIC and, shortly thereafter, moved to strike PIC's answer. *Id.*, ¶ 5. PIC moved to enlarge the time for filing and serving its answer. *Id.* In June 2005, the circuit court found no excusable neglect, struck PIC's answer, and held it in default for failure to timely serve an answer. *Id.*, ¶ 6.

¶ 10. On appeal, PIC argued that a circuit court must consider the interests of justice when determining whether to grant a motion to enlarge and must find

_____

[4] WISCONSIN STAT. § 802.06(1) provides in relevant part: "If a defendant in the action is an insurance company . . . the period[] of time to serve a reply or answer shall be 45 days."

prejudice to the opposing party in order to enter a default judgment. *Id.*, ¶¶ 13, 18. We disagreed, holding that prejudice need not be considered absent a finding of excusable neglect. *Id.*, ¶ 14.

¶ 11. Explaining our decision, we emphasized that PIC's argument failed because both the case and statutory law of excusable neglect dictate that when the circuit court determines there is no excusable neglect, the motion to enlarge must be denied. *Id.*; *see also* Wis. Stat. § 801.15(2)(a) (a motion to extend time "shall not be granted unless the court finds . . . excusable neglect"). We further emphasized that recent supreme court law supported our determination that the circuit court "must first actually find excusable neglect and only then should it consider the interests of justice." *Estate of Otto*, 738 N.W.2d 599, ¶ 16; *see also Meier ex rel. Meier v. Champ's Sport Bar & Grill, Inc.*, 2001 WI 20, ¶ 41, 241 Wis. 2d 605, 623 N.W.2d 94. We concluded that the court did not err by refusing to consider prejudice or the interests of justice prior to entering the default judgment against PIC. *Estate of Otto*, 738 N.W.2d 599, ¶¶ 14, 21.

¶ 12. *Estate of Otto* supports our conclusion that the circuit court correctly distinguished *Split Rock* and properly granted default judgment in favor of the Keenes. Unlike in the instant case, untimely service was not under consideration in *Split Rock*. There the issue was whether default judgment was a proper sanction for untimely filing under Wis. Stat. § 801.14(4) which requires "[a]ll papers after the summons required to be served upon a party . . . [to] be filed with the court within a reasonable time after service." *See also Split Rock Hardwoods, Inc.*, 253 Wis. 2d 238, ¶ 30. The supreme court ultimately reversed the circuit court's default judgment, holding that it erroneously

exercised its discretion by neither discussing prejudice nor making any finding of prejudice before entering a default judgment against the defendant. *Split Rock Hardwoods, Inc.*, 253 Wis. 2d 238, ¶ 5.

¶ 13. Thus, though *Split Rock* teaches that a circuit court is required to make a prejudice consideration when determining whether to grant default for untimely *filing, Estate of Otto* explains that it need not consider prejudice or the interests of justice when determining whether to grant default for untimely *service,* absent excusable neglect. *See Estate of Otto*, 738 N.W.2d 599, ¶¶ 15, 21.

¶ 14. *Split Rock* endorsed the conclusion that the serving of a responsive pleading is the "critical act." *Split Rock Hardwoods, Inc.*, 253 Wis. 2d 238, ¶ 31. Recognizing the precise time limits for service as opposed to the imprecise limits for filing, the supreme court concluded: "Courts ought to have *authority to impose a serious sanction for failure to timely 'serve,'* and an appropriate sanction, however modest, for failure to file 'within a reasonable time after service.'" *See id.*, ¶¶ 29, 31 (emphasis added). *Estate of Otto* established that the "serious sanction" of default judgment for failure to timely serve is a sanction within the circuit court's purview when the court properly denies a motion to enlarge time. *Estate of Otto*, 738 N.W.2d 599, ¶¶ 15, 21; *see Split Rock Hardwoods, Inc.*, 253 Wis. 2d 238, ¶ 29; *see also* Wis. Stat. § 801.15(2) (a motion to enlarge time is properly denied when the court makes a finding of no excusable neglect). *Estate of Otto*'s teaching is consistent with *Split Rock*'s clarification that "the timely *serving* of a paper, particularly an answer, [is] far more significant than the *filing* of a paper with the court." *Split Rock Hardwoods, Inc.*, 253 Wis. 2d 238, ¶¶ 52–53.

650

¶ 15. We infer from the supreme court's strong language in *Split Rock* that it did not intend to block the circuit court's authority to "impose a serious sanction" for untimely service. Therefore, though we understand Sippel's reliance on *Split Rock*'s statement that "when an answer has been served late or filed late, a motion to strike the late answer is a prerequisite to a default judgment," in light of *Estate of Otto*, we do not believe that this statement was meant to bar a circuit court from exercising its discretion to impose a default judgment when, as here, a motion to enlarge time for a late answer is properly denied based on a finding of no excusable neglect. Mandating consideration of a motion to strike a late answer would be a superfluous consideration after the court has already found no excusable neglect.

██

¶ 16. We thus conclude that default judgment is proper when the circuit court has denied a defendant's motion to enlarge time to serve a late answer based upon its finding of no excusable neglect even if a plaintiff has not filed a motion to strike because the court's denial of the motion to enlarge effectively strikes the late answer. Put another way, if the motion to enlarge time to serve is properly denied, a responsive pleading is not joined and effectively is stricken from the record.

¶ 17. The result of our analysis is that a motion for default judgment under Wis. Stat. § 806.02(2) is properly granted when the court effectively erases any responsive pleading either by granting a motion to strike or by denying a motion to enlarge time.[5] The effect of granting either motion is to "strike" a respon-

_____

[5] Logically, this same reasoning applies to motions for default judgment for failure to appear under Wis. Stat. § 806.02(3).

sive pleading from the court record. Here, the circuit court effectively struck Sippel's answer by denying his motion to enlarge time and, thus, properly granted default judgment in favor of the Keenes.

¶ 18. A final matter is the denial of Sippel's motion for default judgment on his counterclaim. The circuit court correctly determined that under *Pollack v. Calimag*, 157 Wis. 2d 222, 458 N.W.2d 591 (Ct. App. 1990), a defendant has no standing to move for default judgment on a counterclaim to which a plaintiff has failed to reply. The statute addressing default judgment, WIS. STAT. § 806.02, unambiguously[6] provides that a "plaintiff" may move for judgment according to the demand of the complaint. Sec. 806.02(2); *Pollack*, 157 Wis. 2d at 235. Moreover, the statute addressing counterclaims, WIS. STAT. § 802.07, "gives no indication that the appellations 'plaintiff' and 'defendant' may be reversed for purposes of a counterclaim." *Pollack*, 157 Wis. 2d at 235. In short, though the statutory language of § 806.02(2) grants a plaintiff the opportunity to move for default judgment when a defendant fails to timely answer, it does not give a commensurate right to a defendant to ask for default judgment when a plaintiff fails to reply to a counterclaim. *See Pollack*, 157 Wis. 2d at 235.

¶ 19. In summary, by denying Sippel's motion to enlarge time, the circuit court effectively struck Sippel's answer and, after a finding of no excusable neglect, properly granted default judgment in favor of the Keenes. The circuit court also properly denied Sippel's

---

[6] Where statutory language is unambiguous, we are bound by it. *Pollack v. Calimag*, 157 Wis. 2d 222, 235, 458 N.W.2d 591 (Ct. App. 1990).

motion for default judgment against the Keenes because, under WIS. STAT. § 806.02(2), he did not have standing.

*By the Court.*—Judgment affirmed.