# COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 3, 2020

**Sheila T. Reiff**
**Clerk of Court of Appeals**

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.   2018AP2303**

**STATE OF WISCONSIN**

Cir. Ct. No.  2016CV183

## IN COURT OF APPEALS
## DISTRICT III

BERNARD C. SEIDLING A/K/A FLP PT ENTERPRISES, AND BY OTHER NAMES,

    PLAINTIFF-APPELLANT,

  V.

PATRICIA LEWIS, GREENWAY ENTERPRISES AND FLP PT TRUST,

    DEFENDANTS,

MARK WOYCHIK AND PAULA WOYCHIK,

    DEFENDANTS-COUNTER
    CLAIMANTS-RESPONDENTS.

APPEAL from a judgment of the circuit court for Burnett County: KELLY J. THIMM, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Bernard Seidling appeals a judgment awarding money damages to Mark and Paula Woychik. The damages resulted from the Woychiks' counterclaim against Seidling for engaging in an intentional scheme to deprive them of rights in a real estate transaction. Seidling argues, for several reasons, that the circuit court erred by granting the Woychiks default judgment on their counterclaim, which the Woychiks filed in response to Seidling's claim that the Woychiks slandered him in an Internet blog post.

¶2 We reject Seidling's arguments and affirm the judgment. Nonetheless, we reject the Woychiks' assertion that Seidling's entire appeal is frivolous, and we therefore deny their motion for an award of attorney fees and costs associated with this appeal.

## BACKGROUND

¶3 The Woychiks and Seidling share a contentious history. In 2000, the Woychiks decided to purchase a five-acre lot in St. Croix County from Four Star Properties, Inc. *See Four Star Props, Inc. v. Woychik*, No. 2007AP217, unpublished slip op., ¶2 (WI App Apr. 1, 2008). Seidling, Four Star's representative, drafted a land contract to facilitate the sale. *Id.*, ¶3. A dispute ensued, and Four Star eventually brought a slander of title claim against the Woychiks. *Id.*, ¶7. The Woychiks counterclaimed and, following a bench trial, the circuit court found Four Star liable for intentional misrepresentation. *Id.*, ¶¶7-9. We affirmed on appeal, and in doing so discussed how Seidling's conduct toward the Woychiks evinced Four Star's "intent to perpetrate a fraud." *Id.*, ¶13.

2

¶4 Three years later, Seidling was indicted in the United States District Court for the Western District of Wisconsin on fifty counts of mail fraud. *See United States v. Seidling*, 737 F.3d 1155, 1158 (7th Cir. 2013). The indictment alleged that Seidling "devise[d] ... a scheme to obtain money and property by means of false and fraudulent pretenses and representations," specifically, by "ma[king] false representations in Wisconsin small claims court actions" and "us[ing] the Wisconsin court system to obtain small claims judgments against individuals and corporations based on the false and fraudulent representations made in the lawsuits he filed." Three of the counts in the indictment were based on a lawsuit that Seidling filed against the Woychiks in Dane County. Seidling ultimately stipulated to the facts alleged in the indictment, he was convicted of all fifty charges, and his conviction was affirmed on appeal. *See id.*

¶5 Prior to Seidling's indictment, he filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of Florida. The Woychiks attempted to bring a claim against Seidling in that proceeding, based upon the judgment they had secured in *Four Star Properties*. The bankruptcy court initially denied their claim, based upon the fact that the judgment in that case was not personal to Seidling. Still, the court ordered that the Woychiks could pursue a claim to "pierce the corporate veil against Four Star Properties" and that, if such an action were successful, it would allow the Woychiks to pursue their claim. Pursuant to the bankruptcy court's order, the Woychiks filed St. Croix County case No. 2016CV392 against Four Star Properties, Inc., and Seidling personally, in October 2016.

¶6 The next month, Seidling, pro se, filed the lawsuit underlying this appeal against Patricia Lewis and two other defendants. As pertinent here, Seidling alleged that Lewis failed to timely make certain payments owed to him

under the terms of a land contract. Approximately one year later, on December 9, 2017, Seidling served the Woychiks with an amended complaint in which they (and numerous other parties) were added as defendants. Seidling alleged in this amended complaint that the Woychiks "creat[ed] a blog with false and defamatory information" about Seidling that caused Lewis to stop making her land contract payments.

¶7 On January 16, 2018, the Woychiks filed an answer and counterclaim to Seidling's amended complaint. As grounds for their counterclaim, they alleged that Seidling was engaged in an intentional "scheme to deprive others of rights in transactions of real estate" and sought both compensatory and punitive damages against him.

¶8 Seidling did not file an answer to the Woychiks' counterclaim. Instead, on February 5, 2018, he filed a "motion for default and that the answer and count[er]claim of Mark and Paula Woychik be stricken from the record."[1] In support, Seidling asserted that the Woychiks "defaulted by failing to file an answer within twenty (20) days after Personal Service as required by Statute."

¶9 The Woychiks responded to the motion to strike one day later. In their response, they noted that "simple review of the summons served upon Mark and Paula Woychik shows that it provides 40 days, not 20 as attested in [Seidling's] default affidavit, to answer." In addition, they noted that if the

---

[1] For ease of reference, we will refer to this motion as "the motion to strike" for the remainder of this opinion.

4

summons had provided that the Woychiks' answer was due within only twenty days, it would have run afoul of WIS. STAT. § 801.09(2)(a)3.b. (2017-18)[2]

¶10    The circuit court held a hearing on February 22, 2018, at which Seidling presented arguments regarding numerous motions he had pending against various parties.[3]  Seidling did not, however, raise or present any argument related to the motion to strike.  Further, when the court directly asked Seidling if there were "any other issues we need to address today," he responded that there were not.  The court then confirmed that the remaining claims in the case were set to proceed to trial.[4]

¶11    The circuit court held a pretrial conference on March 8, 2018.  Once again, Seidling did not raise or present any argument related to the motion to strike.

¶12    The case proceeded to a bench trial on April 23, 2018.  Immediately after the circuit court heard appearances from the parties, Seidling—for the first

---

[2] WISCONSIN STAT. § 801.09(2)(a)3.b. (2017-18) provides that when "[a]ny cause of action raised in the complaint is founded in tort," a defendant has forty-five days to serve his or her answer.  We note that a slander claim is founded in tort, and thus Seidling's claim against the Woychiks implicated this statute.  *See Munger v. Seehafer*, 2016 WI App 89, ¶20, 372 Wis. 2d 749, 890 N.W.2d 22.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[3] The circuit court issued a scheduling order on November 20, 2017, that stated all dispositive motions were to be filed 120 days prior to trial, and that a hearing would be held on those motions.  Although the order did not provide the specific date for this hearing, the court stated at its November 14, 2017 scheduling conference—at which Seidling appeared in person—that "all motions will be heard February 22nd, [2018]."

[4] The circuit court dismissed Seidling's slander claim against the Woychiks for failing to state a claim at the February 22, 2018 hearing.  Seidling does not challenge the propriety of that decision on appeal, and so we will not further discuss that claim in this opinion.

time since he filed it—brought the court's attention to the motion to strike. He stated: "[F]or some reason, Your Honor, at the hearing on, I believe it was February 22nd, that motion was not dealt with. I don't know what happened. There were so many motions that went back for close to a year and that one was never addressed, Your Honor."

¶13    The circuit court responded that it thought it had already addressed, and denied, the motion to strike. Nonetheless, the court explained that, as a "matter of law, the answer was timely filed. Alternatively, if the summons did give 40 days, that's what [the Woychiks] were under the assumption they had to respond to. So the motion for default judgment is denied. Either I did it previously, otherwise it's being done now for both reasons."

¶14    After hearing and deciding additional matters not relevant to this appeal, the circuit court turned to the Woychiks' counterclaim. The Woychiks argued that Seidling was "in default," as he never filed a responsive pleading to that counterclaim. Seidling responded that his "understanding [was] I would have ten days to file an answer—ten to 30 depending on the judge, if the Court would deny my motion to—for default judgment and to strike the counterclaim. And I haven't seen an order on that, Judge."

¶15    When the circuit court asked what legal authority Seidling based his "understanding" on, Seidling responded that he "believe[d] if a motion to dismiss is filed that the Court has to deal with that issue before an answer is required to be filed." Seidling was unable, however, to provide any citation to legal authority to support his belief. The court then stated that it was unaware of any authority for Seidling's position, and so the trial on the Woychiks' counterclaim would be

6

limited to the issue of the Woychiks' damages because Seidling had "defaulted on everything else." The court then adjourned the trial for the day.

¶16 The next day Seidling, now citing WIS. STAT. § 802.06(1)(b) and (6), renewed his argument that the motion to strike had, in effect, tolled his time to file a responsive pleading. The circuit court, however, declined to revisit its decision that Seidling had defaulted on the Woychiks' counterclaim. It did so for two reasons. First, the court stated that it did not "believe that these paragraphs or these statutes support your position. I think you are misreading the statutes and how they apply." Second, the court concluded that Seidling had "waived any objection or you waived any hearing on your motion by not bringing it up in a timely manner before the first morning of trial."

¶17 The circuit court ultimately awarded the Woychiks $5000 each in compensatory damages and $200,000 each in punitive damages. Seidling now appeals.

## DISCUSSION

### I. Seidling's appeal

¶18 Seidling contends that the circuit court erred by granting default judgment against him on the Woychiks' counterclaim.[5] Whether to grant a default judgment is a decision that lies within the circuit court's discretion. *Split Rock Hardwoods, Inc. v. Lumber Liquidators, Inc.*, 2002 WI 66, ¶63, 253 Wis. 2d 238, 646 N.W.2d 19. We will not disturb a circuit court's decision unless the court

---

[5] Although Seidling appeared pro se in the circuit court, he is represented by counsel on appeal.

7

applied an improper legal standard or made a determination not reasonably supported by the facts of record. *Id.*, ¶65.

¶19    To determine if the circuit court applied the proper legal standard to the Woychiks' motion for default judgment, we must interpret several statutory provisions. Statutory interpretation presents a question of law. *McNeil v. Hansen*, 2007 WI 56, ¶7, 300 Wis. 2d 358, 731 N.W.2d 273. We decide questions of law imbedded within a circuit court's exercise of discretion independently of the circuit court but benefiting from its analysis. *Estate of Otto v. Physicians Ins. Co.*, 2008 WI 78, ¶29, 311 Wis. 2d 84, 751 N.W.2d 805.

¶20    Seidling first argues that the motion to strike tolled his time to file an answer to the Woychiks' counterclaim, and the circuit court therefore erred when it concluded on the first day of trial that he had failed to timely file an answer. His argument in this regard relies on WIS. STAT. § 802.06(1)(a). That statute provides that, generally, a "plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service … or if any cause of action raised in the original pleading, cross claim, or counterclaim is founded in tort, the periods of time to serve a reply or answer shall be 45 days." *Id.* There is, however, an exception to this general rule:

> The service of a motion permitted under sub. (2) alters these periods of time as follows, unless a different time is fixed by order of the court: if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action.

*Id.*

¶21    Seidling asserts that the motion to strike met this exception, as it was a "motion permitted under" WIS. STAT. § 802.06(2). More specifically, he argues

8

that the "motion to strike constitutes a motion permitted under … § 802.06(2)(a)3., 4., or 5."[6] Thus, because he asserts that he did not have notice of the circuit court's denial of the motion to strike until the first day of trial (April 23, 2018), he contends that the court improperly concluded that he failed to timely file his answer to the counterclaim.

¶22    We conclude that Seidling's argument fails because it rests on a false premise. That is, Seidling's motion to strike clearly did not constitute a motion under WIS. STAT. § 802.06(2), which provides, in relevant part:

> (a) Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross claim, or 3rd-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
>    ….
>
> 3. Lack of jurisdiction over the person or property.
>
> 4. Insufficiency of summons or process.
>
> 5. Untimeliness or insufficiency of service of summons or process.

¶23    The fundamental problem with Seidling's reliance on WIS. STAT. § 802.06(2)(a)3.-5. is that he is the plaintiff in this case. As such, the circuit court necessarily had personal jurisdiction over him. *See* WIS. STAT. § 801.06. Further,

---

[6] It is undisputed that the motion to strike did not explicitly invoke WIS. STAT. § 802.06. Accordingly, Seidling's argument that the motion nonetheless "constituted" a motion under that statute relies on the principle that courts must liberally construe filings made by a pro se litigant. *See* ***bin-Rilla v. Israel***, 113 Wis. 2d 514, 520-21, 335 N.W.2d 384 (1983). As we explain, however, we conclude the circuit court did not err by failing to treat the motion to strike as a motion permitted under § 802.06—even in light of our directive to liberally construe the pleadings of a pro se litigant.

the Woychiks had no obligation to serve a summons or process on Seidling because he, as plaintiff, had already commenced the lawsuit against them. *See Johnson v. Cintas Corp. No. 2*, 2012 WI 31, ¶¶23-26, 339 Wis. 2d 493, 811 N.W.2d 756. Therefore, the motion to strike was not—and could not have been— a motion permissible under § 802.06(2)(a)3.-5.

¶24 Moreover, even if we were to assume that the motion to strike tolled Seidling's time to file his answer to the counterclaim, we agree with the Woychiks that the tolling stopped when Seidling failed to raise any argument concerning the motion to strike at the February 22, 2018 motion hearing. Seidling argues against this conclusion based on the provision in WIS. STAT. § 802.06(1)(a) stating that "notice of the court's action" is what is necessary to cease any tolling under that statute. He reasons that until the circuit court explicitly denied the motion to strike on the first day of trial, he had no notice of the court's action.

¶25 We are not persuaded. A circuit court may give "notice" of deadlines by which parties must pursue pretrial motions through a scheduling order. *See Schneller v. St. Mary's Hosp. Med. Ctr.*, 162 Wis. 2d 296, 317, 470 N.W.2d 873 (1991). Additionally, it is well established that a party making a motion bears the burden to obtain a ruling on that motion, and that a "motion which is not acted on by the trial court is deemed denied." *Berna-Mork v. Jones*, 173 Wis. 2d 733, 739-40, 496 N.W.2d 637 (Ct. App. 1992).

¶26 Accordingly, we conclude that Seidling had notice from the scheduling conference and order that when he failed to pursue the motion to strike at the February 22, 2018 hearing, his motion would not be heard or granted by the court after that hearing. *See id.* As a result, the court did not err by concluding that Seidling failed to timely file an answer to the Woychiks' counterclaim—even

assuming that the motion to strike tolled his time to do so, a proposition which we also reject for the reasons stated.

¶27 Seidling next argues, in the alternative, that the circuit court erred in granting the Woychiks' default judgment because, at the time the court granted the Woychiks' motion for default judgment, a defendant had no standing to move for default judgment on a counterclaim to which a plaintiff had failed to reply. We acknowledge that Seidling's argument is consistent with our case law.[7] We conclude, however, that Seidling forfeited his standing argument by failing to raise it in the circuit court.[8]

¶28 The forfeiture rule is a rule of judicial administration, and generally it provides that a party fails to preserve its right to make a particular argument on appeal by failing to first make the argument in a circuit court. *See Townsend v. Massey*, 2011 WI App 160, ¶23, 338 Wis. 2d 114, 808 N.W.2d 155. One rationale for applying the rule is to avoid blindsiding circuit courts with reversals based on theories that did not originate in their forum. *Schonscheck v. Paccar, Inc.*, 2003 WI App 79, ¶11, 261 Wis. 2d 769, 661 N.W.2d 476. Such reversals are disfavored

---

[7] The version of the default judgment statute in effect at the time of trial in this case provided that a "plaintiff may move for judgment" based on a defendant's "failure to join issue." *See* WIS. STAT. § 806.02(2) (2015-16). In *Keene v. Sippel*, 2007 WI App 261, ¶18, 306 Wis. 2d 643, 743 N.W.2d 838, we stated that under this unambiguous language, "a defendant has no standing to move for default judgment on a counterclaim to which a plaintiff has failed to reply."

On October 23, 2018—six months after the circuit court granted the Woychiks' motion for default judgment on their counterclaim—our supreme court amended WIS. STAT. § 806.02(2) to read that "a party may move for judgment" when "the party against whom judgment is sought … fail[s] to join issue." *See* S. CT. ORDER 18-03, 2018 WI 102, 384 Wis. 2d xiii (eff. Oct. 23, 2018).

[8] On appeal, Seidling acknowledges that he did not raise his standing argument in the circuit court and that it is therefore "arguably forfeited."

because "[t]rial courts need not divine issues on a party's behalf. It is therefore unfair and certainly illogical to expect trial courts to discern and resolve every 'argument' that could have been but was not raised in resolving an issue." *Id.*

¶29    Another rationale for applying the forfeiture rule is to promote judicial efficiency and fair litigation. *Townsend*, 338 Wis. 2d 114, ¶26. The rule does so by allowing a circuit court to avoid or correct any error with minimal disruption of the judicial process, thereby eliminating the need for an appeal. *Id.*

¶30    We conclude that the facts of this case support our application of the forfeiture rule for several reasons. First, by failing to make his argument below, Seidling prevented the circuit court from considering its merits and, if it agreed with Seidling's argument, allowing the trial to proceed on the merits of the Woychiks' counterclaim. Therefore, if we decided to apply the rule here, we would both blindside the circuit court and allow a significant and unfair disruption of the judicial process by requiring the parties to litigate issues that could have been addressed at the initial trial, had Seidling timely raised his argument.

¶31    Second, we are unpersuaded by Seidling's argument that his pro se status in the circuit court somehow excuses his failure to raise his standing argument below. Although pro se litigants may be granted some leeway by courts, "neither a trial court nor a reviewing court has a duty to walk pro se litigants through the procedural requirements or to point them to the proper substantive law." *Waushara Cty. v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992). Stated differently, Seidling bore the risks of self-representation when he decided to proceed without counsel before the circuit court. We decline to excuse him of a consequence of voluntarily assuming that risk.

¶32 Finally, Seidling has not—either in the circuit court or on appeal—made any indication that he has a meritorious defense to the Woychiks' counterclaim. He never filed an answer to that counterclaim, and he develops no argument in his appellate briefs to contest the Woychiks' allegations against him. Courts are "not required to waste, needlessly, [their] time and resources" on cases where a party fails to "establish that it has a meritorious defense to the underlying action." *Shirk v. Bowling, Inc.*, 2001 WI 36, ¶¶19-20, 242 Wis. 2d 153, 624 N.W.2d 375. Accordingly, we decline to overlook Seidling's failure to raise his standing argument so that he can now, after proceeding through a trial and an appeal, provide for the first time a defense to the underlying allegations made against him.

## II. The Woychiks' motion for attorney fees and costs

¶33 The Woychiks have filed a motion asking this court to declare Seidling's appeal frivolous and to award the Woychiks' attorney fees and costs pursuant to WIS. STAT. RULE 809.25(3) and WIS. STAT. § 802.05.[9] In support, they contend that that Seidling has prosecuted this appeal "in bad faith and without basis in law or equity." *See* RULE 809.25(3)(c)1.-2. Seidling responds that his appeal is not frivolous, as his "brief-in-chief and reply brief present a coherent legal theory, supported by cited facts and legal authority."

¶34 To be frivolous, an appeal must have been filed in bad faith or there must be no support in law or equity for the appellant's position or a good faith

---

[9] Although the Woychiks' cite WIS. STAT. § 802.05 in support of their motion for attorney fees and costs, they fail to develop an argument explaining why they are entitled to an award of fees under that statute on appeal. We therefore decline to further address § 802.05 in this opinion. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

argument for a change in the law. WIS. STAT. RULE 809.25(3)(c). Whether an appeal is frivolous is a question of law. **_Howell v. Denomie_**, 2005 WI 81, ¶9, 282 Wis. 2d 130, 698 N.W.2d 621. To award costs and fees, we must conclude that the entire appeal is frivolous. **_Id._**

¶35 Here, although we affirm the circuit court's grant of default judgment to the Woychiks, we cannot conclude that Seidling's entire appeal was frivolous. In particular, his argument that the Woychiks lacked standing to seek default judgment on their counterclaim was supported in law, although it was not timely raised. Moreover, Seidling recognized in making his argument that it was "arguably forfeited," but advanced several reasons as to why we should nevertheless decline to apply the forfeiture doctrine—which, as noted, is a rule of judicial administration. Although we were not persuaded by those arguments, we cannot say they were frivolous or advanced solely for the purpose of harassing the Woychiks. We therefore deny the Woychiks' motion for attorney fees and costs.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.