L–3 COMMUNICATIONS CORPORATION, Plaintiff,

v.

OSI SYSTEMS, INC. Defendant.

No. 02 Civ. 9144(PAC).

United States District Court, S.D. New York.

Nov. 21, 2005.

Lisa Elizabeth Funk, Proskauer Rose LLP, Howard J. Rubinroit, John J. Kuster, Sidley, Austin, Brown & Wood, L.L.P., New York City, for Plaintiff.

Howard J. Rubinroit, John J. Kuster, Robert W. Hirth, Ronie M. Schmelz, Sidley, Austin, Brown & Wood, L.L.P., New York City, for Defendant.

### MEMORANDUM DECISION

CROTTY, District Judge.

In this declaratory judgment action, with counterclaims sounding in tort and contract, the Court has before it five separate motions. Plaintiff L-3 Communications Corporation ("L-3") moves to bifurcate the trial on liability and damages and to dismiss OSI's claim to impose a constructive trust.[1] Defendant and Counter Claimant OSI Systems, Inc. ("OSI") moves to realign the parties and shift the burden of proof at trial; to dismiss L-3's claims for damages because no proof of damages has been produced; and for additional discovery. The Court denies all motions except for OSI's motion to compel discovery.

### I. Bifurcation of Liability and Damages Issues

Federal Rule of Civil Procedure 42(b) provides: "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving the inviolate right of trial by jury...." Bifurcation rests "firmly within the discretion of the trial court." *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir.1984) (citation omitted).

Bifurcation is the exception; not the rule. *Bowers v. Navistar Int'l Transp.*, No. 88 Civ. 8857, 1993 WL 159965, at *5 (S.D.N.Y. May 10, 1993) (citing *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323–24 (5th Cir.1976) among other cases). A Rule 42(b) motion "requires factual and legal analyses on a case-by-case basis of the record generated by each particular request for bifurcation." *Monaghan v. SZS 33 Assocs.*, 827 F.Supp. 233, 245 (S.D.N.Y. 1993).

Here, the issues of liability and damages are markedly intertwined. A considerable overlap in testimonial and documentary evidence on the liability and damages issues is likely. *Hanlin Group, Inc. v. Village of Solvay*, No. 88 Civ. 773, 1990 WL 164694, at *1 (N.D.N.Y. Oct. 15, 1990). Further, bifurcation will not bring about any efficiency gains, *HCC, Inc. v. R H & M Machine Co.*, No. 96 Civ. 4920, 1998 WL 849417, at *2 (S.D.N.Y. Dec. 4, 1998), and may create jury confusion. Finally, OSI will be prejudiced by such a bifurcation while L-3 will not suffer undue prejudice if the trial is not bifurcated. Consequently, L-3's motion to bifurcate the liability and damages issues is denied.

### II. Motion to Dismiss OSI's Constructive Trust Claim

This Court has previously denied motions to dismiss OSI's constructive trust claim under both Rule 12(b)(6) and Rule 56. *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144, 2005 WL 712232, at *2–4, 2005 U.S. Dist. LEXIS 4935, at *7–13 (S.D.N.Y. Mar. 28, 2005) (Chin, J.); *L-3*

---

**1.** For a more detailed recitation of this matter and its procedural history *see L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144, 2005 WL 712232, 2005 U.S. Dist. LEXIS 4935 (S.D.N.Y. Mar. 28, 2005) (Chin, J.); *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144, 2004 U.S. Dist. LEXIS 165 (S.D.N.Y. Jan. 8, 2004) (Chin, J.).

*Comme'ns Corp. v. OSI Sys., Inc.*, No. 02 Civ. 9144, 2004 WL 42276, at *5–7, 2004 U.S. Dist. LEXIS 165, at *14–19 (S.D.N.Y. Jan. 8, 2004). As a successor judge, this Court is constrained even more by the law of the case doctrine than under ordinary circumstances. *Rite Aid, Inc. v. American Home Prods. Corp.*, Nos 02 Civ. 4432, 02 Civ. 4431, 2003 WL 21250547, at *4 (E.D.N.Y. April 16, 2003) ("When ... the judges in a case are switched in midstream, as happened here, the successor judge may not reconsider his predecessor's rulings with the same freedom that he may reconsider his own rulings ...." (citation omitted)). Under these circumstances, the Court denies the motion to dismiss OSI's tort claim to impose a constructive trust.

## III. Realignment of the Parties

 The trial court has broad discretion in deciding the realignment of parties and order of proof. *Anheuser–Busch, Inc. v. John Labatt*, 89 F.3d 1339, 1344 (8th Cir.1996); *see also Rainey v. Potter*, 120 F. 651, 654 (2d Cir.1903) (stating that "the order of proof [is] a matter which rests largely in the discretion of the trial court"). "Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof." *Dishman v. American Gen. Assurance Co.*, 193 F.Supp.2d 1119, 1128 (N.D.Iowa 2002) (citing *Anheuser–Busch, Inc. v. John Labatt*, 89 F.3d at 1344; *Martin v. Chesebrough–Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir.1980)). This party is typically the plaintiff, even where the plaintiff seeks only or even primarily a declaratory judgment. *Rowan Cos., Inc. v. Ainsworth*, 50 F.Supp.2d 588, 590–91 (W.D.La.1999) ("There is sound reason for placing the procedural burden of proof on the declaratory plaintiff in most cases despite his role as the real and traditional defendant." (citation and internal quotations omitted)). "After all, it is the declaratory plaintiff who volunteers to bring the case in this forum at this time." *Id.* at 591.

 In addition, in this instance, reversing the order will not advance any efficiency rationale or make the presentation of the evidence clearer for the jury. *See, e.g., Allendale Mut. Insur. Co. v. Bull Data Sys., Inc.*, No. 91 C. 6103, 1995 WL 5895, at *3 (N.D.Ill. Jan. 4, 1995) (considering the factor of "ensuring the presentation of the evidence to the fact-finder in an orderly and sensible manner"); *see also Sweet Jan Joint Venture v. Federal Deposit Insur. Corp.*, 809 F.Supp. 1253, 1258 (N.D.Tex.1992) (reordering proof so as to effect "clearest manner in which to present the case to the jury"). Where both parties bear the burden of proof on distinct counts of their causes of action, as is the case here, the court has good grounds for allowing "the actual plaintiff, the party that filed the lawsuit, to proceed first." *Anheuser–Busch, Inc. v. John Labatt*, 89 F.3d at 1344. The Court denies OSI's motion to realign the parties and/or reorder to the proof.

## IV. Motion to Dismiss L–3's Damages Claims

This Court previously denied OSI's motion for summary judgment with regard to L–3's claim for tortious interference in New Zealand and Oman and for breach of a confidentiality agreement between the parties with respect to Oman and South Africa. *L–3 Comme'ns Corp. v. OSI Sys., Inc.*, 2005 WL 712232, at *6–9, 2005 U.S. Dist. LEXIS 4935, at *21–26. OSI moves again before this Court to dismiss these surviving claims on the basis of two grounds. First, OSI argues that Judge Chin reserved decision on issues of damages. Second, OSI maintains that L–3 has failed to furnish any evidence of damages sustained as a result of the asserted claims.

■ The argument misconstrues Judge Chin's decision. In denying OSI's motion for summary judgment, he necessarily reached the issue of the existence of damages for purposes of that determination. *L–3 Commc'ns Corp. v. OSI Sys., Inc.,* 2005 WL 712232, at 2–4, 2005 U.S. Dist. LEXIS 4935, at *7–13. This case is now on the eve of trial. At this juncture of the litigation and with a prior ruling that reached the merits of OSI's motion, this Court will not disturb the prior ruling for the same reason it did not grant L–3's motion to dismiss OSI's claim to impose a constructive trust. *United States v. Yonkers Bd. of Educ.,* 856 F.2d 7, 11 (2d Cir. 1988) ("The doctrine of the law of the case 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'") (citing *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)). OSI's motion is denied.

## V. Motion to Compel Discovery

OSI moves for the production of the following five categories of documents: (1) financial results for 2002 to present; (2) post-acquisition plans 2002 to 2003; (3) personnel 2002 to 2003; (4) intellectual property; and, (5) current use and location of former PEI assets. L–3 responds with a barrage of objections: (1) too late—discovery should not be reopened; (2) over-broad and unduly burdensome—the further discovery, which the Court suggested on September 16, 2005 should be considered, has been abused by OSI's demands; (3) Judge Chin has already ruled on these requests; (4) L–3 has produced the financial records which OSI seeks; and, (5) the current requests are new and have not been previously made.

Judge Chin's prior Order did not rule on these discovery requests. His last Order, dated July 11, 2005, denied OSI's motion for sanctions, but suggested that any documents requested in discovery which were not produced could not be used at trial, absent extraordinary circumstances. This determination is entirely appropriate in so far as damages are concerned, but leaves OSI short on the discovery to which it is entitled on the matter of liability.

As this Court indicated at its initial conference of September 16, 2005, OSI seemed to have the better of the argument of the issue of discovery. Further, L–3's interpretation of Judge Chin's Order allowed it to withhold production of documents without any fear of the consequences which might arise from preclusion at trial. (Pretrial Conference Tr. 12, 13, Sept. 16, 2005.)

On the other hand, when OSI filed further discovery demands subsequent to the September Conference, it sought more than the Court intended.

OSI is entitled to, and L–3 should produce, the following documents in the following categories:

(1) *Financial Documents*—Documents in L–3's possession sufficient to show, for the time period from November 2001 when the transaction commenced until July 1, 2003 approximately 8 months subsequent to the failure of the proposed transaction, the financial performance of each of the products in the Conventional and Argus lines of business; and how the financial statements for those products and lines of business were integrated by L–3;

(2) *Post–Acquisition Plans*—Strategic plans, budgets or other analyses performed respecting the absorption into L–3's Security and Detection Systems and future operation / deployment by L–3 of P.E.I.'s Argus and Conventional projects, product lines, and assets, and P.E.I.'s Security and Detection System Services organization in the period from November 2001 to July 1, 2003;

(3) *Personnel*—Documents sufficient to show for the time period up to July 1, 2003 the movement of former P.E.I. personnel with responsibility for the Argus and Conventional products, projects and lines of business into L–3's organization; and plans and execution of such plans for their reorganization into L–3's business operation, including the use by L–3 of former P.E.I. personnel in L–3's manufacture, markets, deployment or servicing of L–3 products; and,

(4) *Intellectual Property*—Documents for the period from 2002 up to July 1, 2003 sufficient to show L–3's plans and the execution of plans for the use of intellectual property (patents, trademarks, copyrights) involved in the Conventional and Argus projects, products and product lines acquired from P.E.I.

The Court acknowledges L–3's position that it has produced these documents—or at least some of them. The Court directs that L–3 should review its production again, and if there are any areas where production is still necessary it shall do so promptly. If there are disputes about compliance the Court will entertain them on short notice.

OSI's motion for production of documents is granted to the extent indicated, and is otherwise denied.

SO ORDERED.