TJ Auto LLC, Plaintiff-Appellant,

v.

Mr. Twist Holdings LLC,
Defendant-Respondent.

Court of Appeals

*No. 2013AP2119. Submitted on briefs April 28, 2014.
—Decided June 18, 2014.*

2014 WI App 81

(Also reported in 851 N.W.2d 831.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Thomas M. Santarelli* of *Madrigrano, Aiello & Santarelli, LLC*, of Kenosha.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Robert I. DuMez* of *Alia, DuMez, Dunn & McTernan, S.C.*, of Kenosha.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. BROWN, C.J. This case concerns the enforceability of an express easement that was created in 1928 and last recorded in the Kenosha County Register of Deeds in 1945, which allows the owners of one property, and their customers, to cross the west ten feet of an adjacent property in order to access a parking area. Under Wisconsin law, "[a]ctions to enforce easements . . . set forth in any recorded instrument" are barred unless the underlying instrument was recorded within the applicable statute of limitations period. WIS.

STAT. § 893.33(6) (2011–12).[1] For the easement in question, that limitations period was sixty years.[2] As of 2005, when that sixty-year period from the last recording of the easement expired, the easement became unenforceable under Wisconsin law against any subsequent purchaser, regardless of whether the purchaser had actual notice of the easement. *See* Judicial Council Committee Note, 1979, § 893.33 ("This draft makes explicit that only those who purchase for valuable consideration after the period of limitation has run . . . may avail themselves of the benefits of this statute. There is no requirement that the purchaser be without notice . . . .").

¶ 2. The plain statutory language and the judicial council's note make this result crystal clear. There is no exception in the law of Wisconsin for situations in which the subsequent purchaser had notice of the long-ago recorded easement at the time of purchase, and this court is not the body to create such an exception. We must apply the law as it exists now, and therefore must reverse the circuit court's decision that the easement remains "in full force and effect." While the express easement has become unenforceable due to the failure to rerecord it, we remand for consideration of whether a prescriptive easement has arisen.

### Facts

¶ 3. The easement in question was first recorded on July 23, 1928, in Vol. 137 of the Kenosha County

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] As explained in more detail below, this sixty-year period applies under WIS. STAT. § 893.33(8), because the easement was recorded before July 1, 1980, when § 893.33 took effect. For easements recorded on or after July 1, 1980, the limitations period is forty years.

Register of Deeds, at pages 412–13. It gives the owner of the lot that is located at 7546 Sheridan Road in Kenosha —currently Mr. Twist Holdings LLC, operating the adjacent Twisted Cuisine restaurant—the right to use the west ten feet of the property at 7550 Sheridan Road in Kenosha, which is currently owned by TJ Auto LLC, "as an alley or driveway to gain access to the rear of the store premises," a parking area located at 7546 Sheridan Road.[3]

¶ 4. In 1945, this easement was referenced in a recorded warranty deed. However, from 1945 until the filing of this lawsuit, no subsequent recording in the register of deeds office has referred to the easement.[4] An unrecorded survey of the property that was completed and certified in 1988, and is on file at the register of deeds office, does identify the easement and refer to its 1928 recording. But that survey was not itself recorded and is not referenced in any recorded instrument.

¶ 5. In 2006, TJ Auto bought the property that is subject to the easement—i.e., the property that the easement runs across. The restaurant owned the property that benefits from the recorded easement, and which contains a parking lot for the Twisted Cuisine Restaurant.[5]

---

[3] The easement is labeled "conditional" and provides that if any portion of the first property were to be used as a residence, the easement becomes null and void. The record contains no evidence that the relevant property was ever used as a residence, so this condition is immaterial to the case at hand.

[4] Upon this court's request, the record on appeal was supplemented with copies of additional recorded documents pertaining to the property in question, including a rerecording of the easement on September 4, 2013. The record reveals no recorded document referring to the easement from 1945 until that rerecording in September of last year, years after this lawsuit was commenced.

[5] The record reflects that, at some point, the "store" refer-

¶ 6. The easement was in active use by the restaurant and its customers at the time when TJ Auto purchased the adjacent lot. TJ Auto knew about the easement at the time of the purchase but thought "it should have expired." TJ Auto found an unrecorded survey of the land, filed at the register of deeds office in 1988, illustrating the easement and referring to its 1928 recording. Based on the "issue[s] about the easement," TJ Auto negotiated a lower purchase price.

¶ 7. At some point after taking possession, TJ Auto sought permission from the city to erect a fence that would block access to the easement. In October 2009, the application was denied on grounds that the conditional use permit granted to the TJ Auto property in October 2004 requires access to the easement.[6]

¶ 8. In 2011, TJ Auto filed this lawsuit seeking a declaratory judgment terminating the easement and declaring it null and void on grounds that the use of the

enced in the easement became a restaurant. TJ Auto argued below that this change in use rendered the easement void. The issue is immaterial given that the easement was not timely rerecorded.

[6] The record does not contain a copy of the October 25, 2004 "Conditional Use Permit and Site Plan" that the city referenced as its basis for denying the fence permit. In any case, the question of what the permit says is irrelevant to determining whether the easement is still in force. An easement dedicated on a certified, recorded plat, approved by the appropriate governmental bodies may suffice to establish or reestablish an easement in certain circumstances. Wis. Stat. § 236.29(1). The restaurant has never argued, however, that its easement was so established. Such an argument does not seem to be available to the restaurant since the unrecorded 1988 survey that illustrates and references the easement is not a plat as discussed in § 236.29 and the record contains no other document that refers to the easement and could constitute the sort of plat or certified survey map discussed in § 236.29.

easement has changed, that it was no longer necessary, and that it "was not properly procured as per WIS. STAT. § 893.33." In its answer to the lawsuit, the restaurant admitted that it has other ways to access its property but denied that the easement was invalid and further argued that if the express easement is not in force, then a prescriptive easement has arisen.

¶ 9. The circuit court granted the restaurant's motion for summary judgment, denying the declaratory judgment and declaring instead that "the easement across [TJ Auto's] property . . . remains in full force and effect." TJ Auto appeals.

## Analysis

¶ 10. This is an appeal from a grant of summary judgment. We review summary judgment determinations de novo, following the same method as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). Summary judgment is to be granted when there are no material disputes of fact and the moving party is entitled to judgment as a matter of law. *Id.*; WIS. STAT. § 802.08(2).

¶ 11. WISCONSIN STAT. § 893.33(6) provides a statute of limitations for "an action to enforce a recorded easement." *Turner v. Taylor*, 2003 WI App 256, ¶ 15, 268 Wis. 2d 628, 673 N.W.2d 716. Such an action is barred unless three threshold requirements are met: (1) an easement was created; (2) the easement is set forth in a recorded instrument; and (3) that instrument was recorded, or "expressly refer[ed] to" in another recorded instrument, within the preceding forty years (or longer, for easements created before § 893.33 took effect in 1980). *See* § 893.33(6), (8); *see also Turner*, 268 Wis. 2d 628, ¶¶ 18, 22.

522

¶ 12. WISCONSIN STAT. § 893.33 provides no exception to the limitations period for enforcement against a purchaser who had actual notice of the easement. In fact, the Judicial Council Committee's Note accompanying the statute specifies the opposite: "There is no requirement that [a subsequent purchaser for valuable consideration who relies on this statute] be without notice, which is to be contrasted with [WIS. STAT. §] 706.09 of the statutes where periods far shorter than 30 years are specified in many subsections." Judicial Council Committee Note, 1979, § 893.33. The interaction between §§ 893.33(6) and 706.09(1)(k) was discussed in more detail in *Turner*, which explained that the thirty-year "title curative" mechanism of § 706.09(1)(k) is not a statute of limitations but a particular affirmative defense, under which a bona fide purchaser of property who takes the property without any notice of an underlying claim is freed from that claim when the other requirements of § 706.09 are met. *See Turner*, 268 Wis. 2d 628, ¶ 16. Section 893.33(6), in contrast, simply states the "threshold requirements [for] an action" to enforce an easement, in all cases. *Turner*, 268 Wis. 2d 628, ¶¶ 18, 22.

¶ 13. Those threshold requirements include that the easement be set forth in a recorded instrument within the limitations period. For the restaurant's easement across the TJ Auto property, there is no such recorded instrument in evidence in the record. So, per WIS. STAT. § 893.33(6), the easement is rendered unenforceable.

¶ 14. The restaurant argues that if the 1988 survey did not renew the limitations period, "the burden of proof with respect to a statute of limitations is on the party asserting it," *see Robinson v. Mount Sinai Med. Ctr.*, 137 Wis. 2d 1, 18, 402 N.W.2d 711 (1987), and that

TJ Auto has failed to meet that burden here. But *Robinson* is distinguishable because there the court was simply explaining that the plaintiff's pleadings themselves need not demonstrate that the statute of limitations is met because the statute of limitations is an affirmative defense. *Id.* That defense having been raised in the summary judgment motion, the court went on to examine the affidavits and other relevant evidence in the record and, on the basis of that evidence, determined the plaintiffs had overcome the statute of limitations defense. *Id.* at 18–21.

¶ 15. Here, however, when we do the same—i.e., review the record under the same standard as the circuit court—there is no evidence to show that the restaurant can overcome the statute of limitations. If there were any later recording of the easement, we must presume that the restaurant would have put such evidence forward as part of the summary judgment motion filings. It did not.

¶ 16. The restaurant points to the unrecorded survey map filed in 1988, but that document is not a "recording" that renews the limitations period under Wis. Stat. § 893.33(6). To "record" an instrument, the register of deeds must "[e]ndorse upon [it] . . . a certificate of the date and time when it was received" as well as "a number consecutive to the number assigned to the immediately previously recorded or filed instrument," Wis. Stat. § 59.43(1)(e), (f), neither of which was done with the unrecorded map in question.

¶ 17. Without those marks of recording by the register of deeds, there is no basis from which we can presume that the survey map was recorded. To the contrary, we note that while the register of deeds "shall

record and file . . . all plats and certified survey maps that are authorized to be accepted for recording and filing," WIS. STAT. § 59.43(1)(a), there is no such requirement as to other survey maps. The distinction between plats and certified survey maps, which "shall" be recorded, and other surveys, is also acknowledged in the statutory provisions governing county surveyors. Surveyors must execute "all surveys that are required by the county or by a court," and "may" at their own "discretion" execute other surveys. WIS. STAT. § 59.45(1)(a)1. After executing a survey, a surveyor must "[m]ake, personally or by a deputy, a record" of each survey and must provide a copy of such records to be kept "in files in the office of the county surveyor to be provided by the county." Sec. 59.45(1)(a)2.; *see also* 69 Wis. Op. Att'y Gen. 160, 164 (1980) ("Copies of all surveys performed must be filed with the county surveyor in the county where the land is located."). Surveys completed at the request of individuals or corporations (i.e., at the request of someone other than the county) must also be "file[d]" with the office of the county surveyor. Sec. 59.45(1)(b).

¶ 18. In short, it is true that "a county is required to maintain the survey record system." 72 Wis. Op. Att'y Gen. 96, 97 (1983). But the mere fact that survey maps must be filed and that those files may be kept in the register of deeds premises does not transform every filed survey into a recorded instrument.[7] If the legisla-

---

[7] The survey records may in fact be physically located within the offices of the register of deeds itself, rather than in a separate "office of the county surveyor," because many counties do not have an elected county surveyor but instead employ a county surveyor by contract. WIS. STAT. § 59.20(2)(a), (c) (providing that there shall be no elected surveyor for counties with

ture wanted unrecorded survey maps on file in county property records to suffice to renew the limitations period for real estate actions, it would have said so in the text of Wis. Stat. § 893.33. It did not.

¶ 19. The legislative history of Wis. Stat. § 893.33 confirms the legislature's specific intention to distinguish between "filed" and "recorded" documents as to statutes of limitation for actions concerning real estate. The statute that eventually became § 893.33 can be traced back to 1941 Wis. Laws, ch. 293, which was enacted as Wis. Stat. § 330.15 (1941). That first version of the statute of limitations on actions concerning real estate provided that for easements, "timely *filing* of notices of renewal" would extend the statute of limitations. *Id.* (emphasis added). Almost as soon as that law was enacted, however, it was amended to replace the reference to "filing" notices with the requirement of "recording" them. 1943 Wis. Laws, ch. 109, § 1.

¶ 20. As a matter of law, we can reach only one conclusion on the record before us: The express easement recorded in 1928 and last referenced in a recorded instrument in 1945 is no longer legally enforceable, by operation of Wis. Stat. § 893.33(6), against a subsequent purchaser such as TJ Auto.

¶ 21. An argument can be made that this result is counterintuitive, or even unfair. The record makes clear that the restaurant's easement over the TJ Auto property has been in continuous, open, and obvious use for the entire time since its initial creation. Furthermore,

populations over 500,000 and that smaller counties may at their option have a contracted rather than elected surveyor). Where the office of the surveyor is a contracted rather than elected position, "the register of deeds must file and keep survey records and index them" as required by law. 72 Wis. Op. Att'y Gen. 96, 97 (1983).

TJ Auto had actual notice of the easement at the time of purchase, not only because it saw the unrecorded 1988 survey map but also because it saw all the cars using the easement every day. Indeed TJ Auto got a better price on the property because of the easement.

¶ 22. Whether this result is a good one as a matter of policy, however, is not the question before us. The simple fact is that our law does not make any exception for such circumstances. It is interesting to note that the Uniform Marketable Title Act, developed subsequent to our state law,[8] would provide an exception to the statute of limitations in a case like this one. Under the model act, the statute of limitations does not apply to "a restriction the existence of which is clearly observable by physical evidence of its use" or "a use or occupancy inconsistent with the marketable record title, to the extent that the use or occupancy would have been revealed by reasonable inspection or inquiry." UNIF. MARKETABLE TITLE ACT § 7(1), (2) (1990). The ease with which such an exception can be written into a law, however, only emphasizes the clear absence of any such exception in Wisconsin's law.

¶ 23. We surmise that many Wisconsin easement holders may be unaware of this requirement that the recording of their easements must be renewed periodically and that a survey map will not suffice. Easement

---

[8] Wisconsin was one of the first states to enact a statute designed to limit the scope of title search required to clear a title. Jennifer Cohoon McStotts, *In Perpetuity or for Forty Years, Whichever is Less: The Effect of Marketable Record Title Acts on Conservation and Preservation Easements,* 27 J. LAND RESOURCES & ENVTL. LAW 41, 44 (2007). Our law (along with similar laws from Michigan and Ontario) served as a basis for the development of a model law on the subject. *See id.; see also* UNIF. MARKETABLE TITLE ACT, Prefatory Note (1990).

holders would be wise to re-record their easements or record filed surveys before problems arise.

¶ 24. Because the statute of limitations applies here, we need not reach the other issues raised by the parties concerning enforceability of the easement. We remand, however, for the circuit court to consider the restaurant's argument that its long-standing use of the property has established a prescriptive easement.

*By the Court.*—Order reversed and cause remanded with directions.